J-S07033-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KAYLA HUMPHRIES | : | |
| | : | |
| Appellant | : | No. 1021 WDA 2020 |

Appeal from the PCRA Order Entered September 1, 2020
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002463-2019

BEFORE: SHOGAN, J., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED: March 31, 2021**

Appellant, Kayla Humphries, appeals from the order entered in the Allegheny County Court of Common Pleas, which dismissed her first petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts of this appeal are as follows. On February 23, 2019, Appellant drove to the home of her ex-boyfriend ("Victim"). Victim was standing outside the residence when Appellant arrived, and a confrontation ensued. During the confrontation, Appellant brandished a firearm. Victim pushed Appellant away, entered his vehicle, and fled the scene with his current girlfriend. Appellant entered her vehicle, followed Victim, and fired shots at his vehicle.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

Victim drove to a local police station and reported Appellant's actions. Victim also provided several text and voicemail messages that he had received from Appellant. Approximately ten minutes after Victim arrived at the police station, Appellant arrived and reported that Victim had actually shot at her vehicle. Police subsequently searched both vehicles. Although police did not find any shell casings in Victim's vehicle, they recovered one shell casing on the driver-side floor of Appellant's vehicle. Police also collected gunshot residue from Appellant's hands.

The PCRA court opinion set forth the remaining procedural history of this appeal as follows:

> [Appellant] was charged with two counts of aggravated assault with a deadly weapon, one count of stalking, two counts of recklessly endangering another person, one count of false reports to law enforcement, one count of possession of marijuana—small amount, and one count of discharging a firearm in the city of Pittsburgh. On February 3, 2020, [Appellant] entered a guilty plea before the [trial court] to count 1 as amended (simple assault by physical menace), count 3 (stalking), counts 4 and 5 (recklessly endangering another person), and count 6 (false reports to law enforcement). The remaining counts were withdrawn by the Commonwealth. Pursuant to the terms of the plea agreement, [Appellant] was sentenced to six months of house arrest followed by 18 months of probation for count 1; six months of house arrest followed by three years of probation for count 3; two years of probation for count 4; six months of house arrest for count 5; and no further penalty for count 6. All periods of house arrest were ordered to run concurrently with each other but consecutive to all periods of probation. Each period of probation was ordered to run concurrently with each other. Thus, the aggregate sentence imposed was six months of house arrest followed by three years of probation along with other conditions.

On February 13, 2020, [Appellant] filed a *pro se* motion seeking to withdraw her guilty plea. [Plea counsel] filed a motion to withdraw as counsel on the same day. On February 18, 2020, following a hearing on both motions, [the trial c]ourt denied [Appellant's] motion to withdraw her guilty plea and granted [plea counsel's] motion to withdraw. On February 25, 2020, Appellant filed a *pro se* petition under the [PCRA]. [The c]ourt appointed [PCRA counsel] to represent [Appellant] with regard to the claims made in the PCRA petition and, on June 5, 2020, [Appellant] filed an amended PCRA petition.[2] On July 31, 2020, the Commonwealth filed an answer to the amended PCRA petition. On August 11, 2020, [the c]ourt issued a notice of intent to dismiss and, on September 1, 2020, [the c]ourt dismissed [Appellant's] PCRA petition. On September 29, 2020, [Appellant] filed a notice of appeal and, on October 29, 2020, Appellant filed her concise statement of errors complained of on appeal.

---

[2] "A petition for post-conviction collateral relief shall be filed within one year of the date the judgment becomes final, except as otherwise provided by statute." Pa.R.Crim.P. 901(A). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3). "[I]n circumstances in which no timely direct appeal is filed relative to a judgment of sentence, and direct review is therefore unavailable, the one-year period allowed for the filing of a post-conviction petition commences upon the actual expiration of the time period allowed for seeking direct review, as specified in the PCRA." *Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa.Super. 2019), *appeal denied*, ___ Pa. ___, 216 A.3d 1044 (2019). In other words, "A PCRA petition may **only** be filed after an appellant has waived or exhausted his direct appeal rights." *Commonwealth v. Leslie*, 757 A.2d 984, 985 (Pa.Super. 2000) (emphasis in original). Here, Appellant filed a premature, *pro se* PCRA petition on February 25, 2020, prior to the expiration of the time period allowed for seeking direct review. Nevertheless, the subsequent filing of a timely, amended PCRA petition occurred after Appellant's judgment of sentence became final, and it allowed the PCRA court to proceed with its review of Appellant's ineffectiveness claim.

- 3 -

J-S07033-21

(PCRA Court Opinion, filed December 7, 2020, at 1-2) (some capitalization omitted).

Appellant now raises one issue for this Court's review:

> Did the [PCRA] court abuse its discretion in finding no merit to the claims raised in the PCRA petition, and denying the petition without a hearing, where [Appellant] established the merits of her claim that her guilty plea was not knowingly and voluntarily entered, but was unlawfully induced due to the ineffective assistance of [plea] counsel, insofar as counsel failed to meet with [Appellant] at the Allegheny County Jail prior to the plea proceedings, failed to fully advise her of the charges and possible defenses, and told [Appellant] that she would only be released from prison if she entered a negotiated plea?

(Appellant's Brief at 4).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. ***Commonwealth v. Conway***, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We do not give the same deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190 (Pa.Super. 2012).

> To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that [she] raised a genuine issue of fact which, if resolved in [her] favor, would have entitled [her] to relief, or that the court otherwise abused its discretion in denying a hearing. We stress that an evidentiary hearing is not meant to

- 4 -

> function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness.

*Commonwealth v. Roney*, 622 Pa. 1, 17-18, 79 A.3d 595, 604-05 (2013), *cert. denied*, 574 U.S. 829, 135 S.Ct. 56, 190 L.Ed.2d 56 (2014) (internal citations and quotation marks omitted).

On appeal, Appellant contends plea counsel "did not meet with her prior to the plea proceedings, did not discuss the charges, conduct any investigation, or discuss defenses or strategy with her, or otherwise prepare for trial." (Appellant's Brief at 12). Appellant claims she informed plea counsel that she acted in self-defense after Victim pushed her, but plea counsel dismissed her assertions without explanation. Appellant insists plea counsel told her "that the only way she would be released from jail was if she entered a negotiated guilty plea." (*Id.*) Under these circumstances, Appellant argues "she had no real option other than to plead guilty, thereby rendering her plea involuntary." (*Id.*) Appellant concludes that plea counsel's ineffectiveness caused her to enter an involuntary guilty plea, and the PCRA court should not have dismissed her petition without conducting a hearing. We disagree.

Pennsylvania law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the

outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Williams, supra*.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

*Pierce, supra* at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [*Kimball, supra*], we held that a "criminal [appellant] alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Commonwealth v. Chambers*, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [the defendant] to enter an involuntary or unknowing plea." *Commonwealth v. Allen*, 557 Pa. 135, 144, 732 A.2d 582, 587 (1999). "In order to make a knowing and intelligent waiver, the individual must be aware of both the nature of the right and the risks and consequences of forfeiting it." *Commonwealth v. Houtz*, 856 A.2d 119, 122 (Pa.Super. 2004) (quoting *Commonwealth v. Payson*, 723 A.2d 695, 700 (Pa.Super. 1999)).

"To determine a defendant's actual knowledge of the implications and rights associated with a guilty plea, a court is free to consider the totality of the circumstances surrounding the plea." *Allen, supra* at 146, 732 A.2d at 588-89. "The entry of a negotiated plea is a 'strong indicator' of the voluntariness of the plea." *Commonwealth v. Reid*, 117 A.3d 777, 783 (Pa.Super. 2015) (quoting *Commonwealth v. Myers*, 642 A.2d 1103, 1106 (Pa.Super. 1994)).

"A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." *Reid, supra* at 782 (quoting *Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa.Super. 2005)). "Furthermore, nothing in [Pa.R.Crim.P. 590] precludes the supplementation of the oral colloquy by a written colloquy that is read,

completed and signed by the defendant and made a part of the plea proceedings." ***Commonwealth v. Bedell***, 954 A.2d 1209, 1212-13 (Pa.Super. 2008), *appeal denied*, 600 Pa. 742, 964 A.2d 893 (2009). ***See also*** Pa.R.Crim.P. 590, *Comment*.

"A person who elects to plead guilty is bound by the statements [she] makes in open court while under oath and [she] may not later assert grounds for withdrawing the plea which contradict the statements [she] made at [her] plea colloquy." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa.Super. 2003). "Our law does not require that a defendant be totally pleased with the outcome of [her] decision to plead guilty, only that [her] decision be voluntary, knowing and intelligent." ***Id***. at 524.

Instantly, Appellant executed a written guilty plea colloquy on February 3, 2020. In the written colloquy, Appellant confirmed her understanding of the nature of the charges, the factual basis of her plea, her right to a jury trial, the presumption of innocence, the sentencing ranges, and the court's power to deviate from the recommended sentence. (***See*** Explanation of Rights, dated 2/3/20, at 2-10). Appellant also responded "yes" when asked if she understood that she was giving up her right to present certain defenses, including self-defense. (***Id.*** at 5). Further, Appellant indicated that no one had forced her to enter the plea, she had ample time to consult with plea counsel, and she was satisfied with counsel's legal advice and representation. (***Id.*** at 9-10).

At the oral plea colloquy, Appellant confirmed that she understood all of the questions in the written colloquy, she provided honest answers to those questions, and she was "able to satisfactorily consult with" plea counsel. (N.T. Plea Hearing, 2/3/20, at 12-13). Nevertheless, when asked whether she had any questions about the entry of her plea, Appellant stated:

> The only [question] that I have for my attorney is how come [Victim] knocked me down to the ground and made me bang my head off the ground. And he was standing over me, threatening me, calling me [a] bitch and so did [Victim's girlfriend], but it's like that gets looked over. This is not the first time he did this to me.

(*Id.* at 13-14). In response, the court agreed to make Appellant's statement part of the record pertaining to the factual basis for her plea. (*See id.* at 14). Thereafter, the oral colloquy continued, and Appellant reiterated that she did not have any additional questions, she had discussed her rights with plea counsel, she was satisfied with his representation, and she had not been coerced into entering the plea. (*Id.* at 15, 19).

The court subsequently conducted a hearing on Appellant's *pro se* motion to withdraw her guilty plea. At that time, Appellant baldly asserted that she "never discussed" her case with plea counsel, who only met with her briefly on the morning of the plea hearing. (*See* N.T. Hearing, 2/18/20, at 3). Appellant also complained that plea counsel had advised her not to seek withdrawal of the guilty plea, because such a withdrawal would not be in Appellant's best interests. (*Id.* at 6). Plea counsel emphatically denied Appellant's assertions, claiming he explained all of the charges and made

certain that Appellant was aware of what she was doing. (*Id.* at 3-4). Additionally, plea counsel opined that Appellant's plea was voluntary, as she received a generous deal for the offenses at issue. (*Id.* at 5).

Although Appellant continues to complain that plea counsel did not adequately advise her prior to the plea hearing, the record undermines her claim. The colloquies reveal that Appellant was aware of her rights, she was satisfied with plea counsel's representation, and she was not forced to enter the plea. Appellant is bound by her statements. ***See Pollard, supra***. Under the totality of these circumstances, we agree with the PCRA court that Appellant's ineffectiveness claim lacks arguable merit. ***See Allen, supra***. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/31/2021